JMM:KKP:ECW
F. #2007R01826

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    <u>PLEA AGREEMENT</u>

   - against -                             Cr. No. <u>08-160(S-1)(SJF)</u>

ALBERT GONZALEZ,
    also known as "Segvec,"

                Defendant.

- - - - - - - - - - - - - - - - -X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York and the Criminal Division of the United States Department of Justice (collectively, the "Government") and the defendant ALBERT GONZALEZ, also known as "Segvec" (the "defendant"), agree to the following:

       1.   The defendant will plead guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 1349. The count carries the following statutory penalties:

        a.   Maximum term of imprisonment: 20 years
             (18 U.S.C. §§ 1343, 1349).

        b.   Minimum term of imprisonment: 0 years
             (18 U.S.C. § 1343, 1349).

        c.   Maximum supervised release term: 3 years, to
             follow any term of imprisonment; if a
             condition of release is violated, the
             defendant may be sentenced to up to 2 years
             without credit for pre-release imprisonment
             or time previously served on post-release
             supervision
             (18 U.S.C. §§ 3583 (b), (e)).
        d.   Maximum fine: $250,000

        (18 U.S.C. § 3571(b)(3)).

    e.    Restitution: to be determined by the Court, but no less than $600,000 (18 U.S.C. § 3663A(c)(1)(B)).

    f.    $100 special assessment (18 U.S.C. § 3013).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Government estimates the likely adjusted offense level under the Guidelines in the instant case to be level 41, which is predicated on the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (§§ 2X1.1(a); 2B1.1(a)(1)) | 7 |
| Plus: Loss (§ 2B1.1(b)(1)(M) & App. Note 3(f)(i)) | +24 |
| Plus: More than 250 victims (§ 2B1.1(b)(2)(C)) | +6 |
| Plus: Offense involved sophisticated means (§ 2B1.1(b)(9)(C)) | +2 |
| Plus: Offense involved trafficking of unauthorized access devices (§ 2B1.1(b)(10)(B)(i)) | +2 |
| Plus: Use of special skill (§ 3B1.3) | +2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | <u>-2</u> |
| Total: | 41 |

This level carries a range of imprisonment of 324 - 405 months, assuming that the defendant has no prior convictions. However,

because the statutory maximum sentence is 240 months, the effective Guidelines range will be 240 months. If the defendant pleads guilty on or before September 14, 2009, the Government will move the Court, pursuant to U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 40. This level carries a range of imprisonment of 292 - 365 months, assuming that the defendant has no prior convictions. However, because the statutory maximum sentence is 240 months, the effective Guidelines range will be 240 months.

3.   The Guidelines estimate set forth in paragraph 2 is not binding on the Government, the Probation Department or the Court. If the Guidelines offense level advocated by the Government, or determined by the Probation Department or the Court, is different from the estimate, the defendant will not be entitled to withdraw the plea.

4.   The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant

violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant waives any right to additional disclosure from the Government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.

     5.    The Government agrees that:

        a.    no further criminal charges will be brought against the defendant for his unauthorized intrusions into the computer systems of the Dave & Buster's restaurant chain and his scheme to defraud the restaurant's customers by stealing their credit card numbers, between April and September 2007, as specified in the indictment, it being understood that this agreement does not bar the use of such conduct as predicate acts or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.*, and at the time of sentence, it will move to dismiss the remaining counts of the indictment with prejudice;

and, based upon information now known to the Government, it will

        b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Government, becomes known to the Government after the date of this agreement, the Government will not be bound by paragraphs

5(b) and 5(c). Should it be judged by the Government that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Government will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 5 (a)-(c).

      6.   This agreement does not bind any federal, state, or local prosecuting authority other than the Government, and does not prohibit the Government from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

      7.   No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in

writing and signed by all parties.  This agreement supersedes all prior promises, agreements or conditions between the parties.  To become effective, this agreement must be signed by all signatories listed below.

Dated:     Central Islip, New York
           _____, 2009

>                                BENTON J. CAMPBELL
>                                United States Attorney
>                                Eastern District of New York
>
> By: _____
>     WILLIAM CAMPOS
>     Assistant U.S. Attorney
>
>     _____
>     KIMBERLY KIEFER PERETTI
>     Senior Counsel
>     Computer Crime &
>     Intellectual Property Section
>     Criminal Division
>
> Approved by:
>     _____
>     JAMES M. MISKIEWICZ
>     Supervising
>     Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ALBERT GONZALEZ

Approved by:
_____
Rene Palomino Jr., Esq.
Counsel to Albert Gonzalez