UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   08-CR-10223-PBS |
| | ) | |
| ALBERT GONZALEZ, | ) | Criminal No.   09-CR-10262-PBS |
| | ) | |
| Defendant. | ) | |

MOTION FOR PSYCHIATRIC EXAMINATION

The Defendant's December 15 Sentencing Memorandum relies in material part on a questionable report of a forensic psychiatrist retained by the defendant.  The report purports to cast doubt on the defendant's "capacity to knowingly evaluate the wrongfulness of his actions and consciously behave lawfully and avoid crime" and asserts that his criminal "behavior was consistent with description of the Asperger's disorder" and "Internet addiction."  Upon receipt of his psychiatrist's report, the government asked the defendant to allow a government expert to examine the defendant for these newly alleged conditions, but he has refused.

The government recognizes that, post *Gall v. United States*, 552 U.S. 38 (2007), the parties are given wide latitude to submit even wholly untested assertions for consideration by the Court at the time of sentencing.  However, as a precondition to giving any weight to the opinions contained in his forensic psychiatric report, the defendant should be required to permit an examination by a government expert for evidence of his alleged conditions.  As noted by both the Second and D.C. Circuits, "[o]rdinarily the only effective rebuttal of psychiatric opinion testimony is contradictory opinion testimony; and for that purpose ... the basic tool of psychiatric study remains the personal interview, which requires rapport between the interviewer and the

subject." *United States v. McSherry*, 226 F.3d 153, 157 (2d Cir. 2000) (*quoting United States v. Byers*, 740 F.2d 1104, 1114 (D.C. Cir.1984) (en banc) (plurality opinion)).

Contrary to the defendant's suggestion in his response to the government's motion for a continuance, Rule 12.2 is not an exclusive source of the power to order a mental examination. *McSherry*, 226 F.3d 153 at 155. Courts in several circuits have reaffirmed under a range of circumstances a federal court's inherent power to require a psychiatric examination to supervise the administration of criminal justice in order to ensure fundamental fairness. *See United States v. Webster*, 162 F.3d 308, 339 (5th Cir. 1998); *United States v. Davis*, 93 F.3d 1286, 1295 (6th Cir. 1996); *United States v. Phelps*, 955 F.2d 1258, 1265 (9th Cir.1992); *Gibson v. Zahradnick*, 581 F.2d 75, 78 (4th Cir. 1978); *United States v. Weiser*, 428 F.2d 932, 935-36 (2d Cir. 1969); *United States v. Baird*, 414 F.2d 700, 710 (2d Cir. 1969).

Fundamental fairness and the preservation of judicial integrity dictate that a government expert be permitted to examine the defendant under these circumstances.

                          Respectfully submitted,

By:   /s/ Stephen P. Heymann
       STEPHEN P. HEYMANN
       DONALD L. CABELL
       Assistant U.S. Attorneys

Date: December 17, 2009

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                        /s/ Stephen P. Heymann
                                                        Stephen P. Heymann
                                                        Assistant United States Attorney

Date:   December 17, 2009