UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Criminal No. | 08-CR-10223-PBS |
| | ) | | 09-CR-10262-PBS |
| ALBERT GONZALEZ, | ) | | 09-CR-10382-DPW |
| | ) | | |
| Petitioner | ) | | |

GOVERNMENT'S RESPONSE TO MOTION TO EXTEND PERIOD IN WHICH
A PETITION CAN BE FILED UNDER 28 U.S.C. § 2255
===

Defendant Albert Gonzalez has moved the Courts to extend the 1-year time limit for filing a habeas corpus petition established by 28 U.S.C. § 2255(f). While the deadlines for him to file petitions vary from case to case, the earliest deadline is April 13, 2011, in Criminal No. 09-CR-10382, originally pending before Judge Woodlock. The other deadlines follow approximately one week later before Judge Saris.

Gonzalez's motion should be denied without prejudice at this time. A motion for extension of time alone does not present a "case or controversy" as required by Article III in order for a court to have jurisdiction. United States v. Two Shields, 1:06-cr-19, 2008 WL 2788423 at *1 (D.N.D. July 16, 2008); Ramirez v. United States, 461 F.Supp. 2d 439, 441 (E.D.Va. 2006). See United States v. Leon, 203 F. 3d 162, 164 (2d Cir. 2000) (court of appeals lacked jurisdiction to consider the timeliness of a § 2255 petition until petition was actually filed). For a Court to have jurisdiction over a motion for extension of time to file a § 2255 petition, the motion must be either (i) filed concurrently with or after a § 2255 petition or (ii) be construed as a § 2255 petition itself. Two Shields, at *2; Ramirez 461 F. Supp. 2d at 441. Gonzalez has not set forth any claims and thus the current motion cannot be construed as a

§2255 petition.

Even had this Court had jurisdiction to consider the Motion, it was wholly without merit. Taking the defendant's allegations at face value, he still has over three months - - from the beginning of January to well into April - - in which to prepare and file his petition(s) and thus has not been "prevented" from doing so under 28 U.S.C. § 2255 (f)(2). Further, in varying forms and to varying degrees, he explicitly waived his right to collaterally attack his judgements in the plea agreements into which he entered in these cases.

## Conclusion

For the above stated reasons, the Court should deny the Gonzalez's Motions for Extension of Time.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By:   */s/ Stephen P. Heymann*
STEPHEN P. HEYMANN
Assistant U.S. Attorney

Dated: February 10, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this Response was sent by U.S. Mail to Albert Gonzalez 25702-050 Federal Correctional Institution, P.O. Box 1000, Milan, Michigan 48160.

*/s/ Stephen P. Heymann*
STEPHEN P. HEYMANN
Assistant U.S. Attorney