ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )   Criminal No. 08-CR-10223-PBS
     v.                         )                09-CR-10262-PBS
                                )                09-CR-10382-DPW
ALBERT GONZALEZ,                )
     Petitioner.                )

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
TO PETITIONER'S MOTION TO EXTEND PERIOD IN
WHICH A MOTION UNDER §2255 CAN BE FILED**

The Government has filed a Response to Albert Gonzalez's motion to extend the 1-year time period for filing a motion under 28 U.S.C. §2255. Gonzalez hereby submits petitioner's Reply to the Government's Response and states the following in rebuttal:

The Government argues that Gonzalez's motion should be denied without prejudice because the court lacks jurisdiction as required by Article III. Gonzalez submits that the court has jurisdiction under 28 U.S.C §2255(f)(2) which provides:

> (f) A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (2) the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

The Government's employees for the Federal Bureau of Prisons at FCI Milan Michigan created a "government impediment" by denying Gonzalez access to the legal materials obtainable only via TRULINCS Computer System. This impediment created "extraordinary circumstances" that denied Gonzalez his constitutional right to access legal materials and access to the courts in violation of the First Amendment.

1.

The Government submits that Gonzalez must first file a §2255 motion to invoke the district court's jurisdiction before the court can extend the 1-year period for filing a §2255 motion. The Government submits that Gonzalez would have to wait until after the 1-year period expires before seeking an extension of the 1-year filing period. It is well settled that a motion under 28 U.S.C. §2255 is a civil action that is governed by the Federal Rules of Civil Procedure. Rule 6(b) Fed. R. Civ. P., provides:

> **(b) Extending Time.**
>
> (1) In General. When an act may or must be done within a specified time, the court may for good cause extend the time:
>
> (A) with or without a motion or notice if the, court acts, or if a request is made, before the original time or its extension expires;

The district court does have jurisidction under the Federal Rules of Civil Procedure to extend the 1-year period for filing a §2255 motion for good cause shown.

The Government argues that GOnzalez has from the beginning of January 2011 to well into April 2011 in which to prepare and file a motion under 28 U.S.C §2255. What the Government does not consider into its equation is the following facts: (1) Gonzalez is proceeding pro se because he has no financial means to hire the services of an attorney to research, perfect and file a §2255 motion on his behalf, (2) Gonzalez must litigate in two different district courts under §2255 based on different cases and indictments (3) the issues presented in Gonzalez's three cases are complex issues that tax the minds of trained counsel, let alone the pro se prisoner behind pri-

2.

son walls, (4) Gonzalez is still in the process of obtaining relevant parts of the files and records from his three cases that are necessary to perfect his §2255 motion (5) Gonzalez still has to obtain affidavits from relevant persons to support his §2255 motion, and (6) most important is the fact that 28 U.S.C. §2255 provide all federal prisoners one full year to file a §2255 motion, that being the law, why should Gonzalez be restricted to a period of $3\frac{1}{2}$ months to file a §2255 motion when in fact it is a "government impediment" that has caused Gonzalez to lose over $8\frac{1}{2}$ months of the time to file that Congress granted Gonzalez under 28 U.S.C §2255?

The Government argues that if Gonzalez fails to file within the 1-year period that he must then include in his §2255 motion a request for "equitable tolling." Equitable tolling requires a showing of "excusable neglect" that Gonzalez cannot show because there was no neglect on his part. THe delay was caused by a government impediment in refusing Gonzalez access to legal materials. The Government is trying to shift the blame for an out of time filing to neglect caused by Gonzalez.

The GOvernment also argues that Gonzalez has waived his right to file a §2255 motion via a plea agreement. When filed, Gonzalez's §2255 motion will present a claim that the validity of the process by which the waiver of his appeal and §2255 rights were obtained, are unconstitutional and that his plea agreement was not knowingly and voluntarily agreed to.

## CONCLUSION

Gonzalez respectfully requests the court to grant his motion to extend the 1-year time period for filing a §2255 motion up to and including **January 1, 2012**, which will give Gonzalez the full 1-year

3.

period provided by 28 U.S.C §2255.

                                         Respectfully submitted,

                                         _/s/ Albert Gonzalez_
                                         Albert Gonzalez
                                         Petitioner, pro se

4.

## Certificate Of Service

    I, Albert Gonzalez, swear under penalty of perjury that I have mailed a copy of the foregoing pleading entitled PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO EXTEND PERIOD IN WHICH A MOTION UNDER §2255 CAN BE FILED to, Donald L. Cabell, United States Attorney's Office, 1 Courthouse Way, Boston, MA. 02210 this __21__ day of February, 2011. (28 USC §1746).

                                        */s/ Albert Gonzalez*
                                        Albert Gonzalez
                                        #25702-050
                                        Federal Correctional Institution
                                        P.O. Box 1000
                                        Milan, Michigan. 48160

    I, Albert Gonzalez, further swear under penalty of perjury that I have mailed a copy of the foregoing pleading entitled PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO EXTEND PERIOD IN WHICH A MOTION UNDER §2255 CAN BE FILED to, Stephen P. Heymann, UNited States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA. 02210 this __21__ day of February, 2011. (28 USC §1746).

                                        */s/ Albert Gonzalez*
                                        Albert Gonzalez
                                        #25702-050
                                        Federal Correctional Institution
                                        P.O. Box 1000
                                        Milan, Michigan. 48160