ORIGINAL

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 08-CR-10223-PBS |
| | )         09-CR-10262-PBS |
| | ) |
| ALBERT GONZALEZ, | ) Hon. Patti B. Saris |
| Defendant. | ) |

## DEFENDANT'S RESPONSE TO UNITED STATES MOTION
### FOR ORDER REGARDING WAIVER OF
### CLIENT-ATTORNEY PRIVILEGE

Comes now the Defendant, Albert Gonzalez, acting pro se, and respectfully submits Defendant's Response To United States Motion For Order Regarding Waiver Of Client-Attorney Privilege, and states the following:

On 03/24/2011, Defendant filed a Motion under 28 U.S.C. §2255 to vacate his conviction and sentence. On April 8, 2011, the United States filed a Motion seeking an Order from the Court regarding waiver of attorney-client privilege. The Government cites a number of cases from various federal circuits in support of it's argument "that when a 2255 petitioner calls into question the representations of his former lawyers he/she waives the attorney-client privilege rights under the Sixth Amendment". Three of the cases cited by the Government are unreported decisions from the District of Massachusetts that are relevant to the waiver of attorney-client privilege rights. Due to Defendant's incarceration and limited access to unreported decisions defendant has no way of knowing what the unreported

decisions hold or how they apply to the issue of attorney-client privilege rights. The Government cites the following unreported decisions: Tibbs v. United States, Civil No. 02-11265-NG (D-Mass.)(Woodlock,J.); Vavlitis v. United States, Civil No. 97-10902-EFH (D.Mass.)(Harrington,J.) and Devaney v. United States, 97-10957-WGY (Young,J.).

In Lebron v. Sanders, 553 F.3d 152 (2nd Cir. 2009) the Court held "Opposing counsel was required to have provided pro se habeas petitioner who was prison inmate proceeding in forma pauperis, printed copies of opinions cited in opposing counsel's submissions to district court that were either unreported or reported exclusively on fee-based electronic database" Id. at 154.

### CONCLUSION

The Defendant respectfully moves the Court to direct the opposing counsel for the United States to provide Defendant with printed copies of the above cited unreported opinions and direct that further cited unreported opinions be accompanied by a printed copy;

Further Defendant requests that the Court hold in abayance it's ruling on the United States's Motion For Order Regarding Waiver Of Attorney-Client Privilege until such time that the United States provides Defendant with copies of the refered to unreported cases and Defendant has had opportunity to respond to United State's Motion.

Respectfully submitted

Albert Gonzalez, pro se.

2.

## Certificate Of Service

I, Albert Gonzalez, swear under penalty of perjury that I have mailed a copy of the foregoing motion entitled DEFENDANT'S RESPONSE TO UNITED STATES MOTION FOR ORDER REGARDING WAIVER OF CLIENT-ATTORNEY PRIVILEGE, to Stephen P. Heymann, Assistant United States Attorney, District of Massachusetts, 1 Courthouse Way, suite 9200, BOston, Massachusetts. 02210, this _21_ day of April, 2011. (28 U.S.C. §1746)

Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

*3.*